UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TONY McQUEARY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-620-JD-MGG |
| WARDEN, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Tony McQueary, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (MCF 16-12-607) at the Miami Correctional Facility on January 5, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of Possession of Dangerous/Deadly Contraband/Property in violation of Indiana Department of Correction policy A-106. ECF 1 at 1. As a result, he lost 80 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

In his petition, McQueary argues there is one ground which entitles him to habeas corpus relief. In this ground, he asserts he "never possessed this possession" and provides the following statement in support of his ground: "My facility packet shows that this was never confiscated from me." ECF 1 at 2. Here, the possession at issue is a shank, which is described as a "piece of metal approximately 9 inches long that had been sharpened to a point." ECF 1 at 4.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged McQueary as follows:

On 12/30/16 at approximately 3:30 AM I, Sgt. J. Thompson, was conducting a cell search in DHU 329,330. Upon searching Offender McQueary, Tony DOC#150450 mattress I found a piece of metal approximately 9 inches long that had been sharpened to a point. Offender McQueary was then escorted to RHU. While I was escorting Offender McQueary he asked me who told on him and stated he has had the "shank" since he has been here.

2

ECF 1 at 4. As is relevant here, the IDOC defines Possession of Dangerous/Deadly Contraband/Property, offense A-106, as "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

In this case, the DHO had sufficient evidence to find McQueary guilty of violating offense A-106. While McQueary asserts he "never possessed" the shank, the prison guard found it while searching his mattress. Given that the shank was found in his property, it was not arbitrary for the DHO to have concluded that it belonged to McQueary and that he possessed it. Therefore, McQueary is not entitled to habeas corpus relief based on this claim.

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4. The clerk is directed to CLOSE this case.

SO ORDERED on March 2, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3